**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 97-4033

VINCENT LEE HIMES,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge; Glen M. Williams,
Senior District Judge.
(CR-96-18-A)

Submitted: October 31, 1997

Decided: December 16, 1997

Before LUTTIG and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis Dene, DENE & DENE, P.C., Abingdon, Virginia, for Appel-
lant. Robert P. Crouch, Jr., United States Attorney, Rick A. Mount-
castle, Assistant United States Attorney, Abingdon, Virginia; Thomas
E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Vincent Lee Himes appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g)(1) (1994), and for receiving a stolen firearm transported in interstate commerce, in violation of 18 U.S.C. § 922(j) (1994). We affirm.

The evidence at trial showed that in October 1995, Himes and two friends, Larry Crumley and Jason Worley, drove to an apartment complex in Bristol, Virginia, and broke into three parked cars. Himes stole stereo equipment from two of the cars and a duffle bag from the third car. When Himes looked in the duffle bag, he found a .22 caliber pistol. After determining that the pistol was unloaded he handed it to Worley, who later sold the gun.

In November 1995, Himes, Crumley, and Angela Trinkle drove to the United Parcel Service parking lot in Bristol, Virginia, and broke into a jeep but found nothing worth stealing. Himes then broke into a pickup truck and stole a shotgun and ammunition. Himes placed the shotgun in the backseat of his car and drove to a nearby store. On the way, a police officer stopped Himes for a traffic violation and found the shotgun in the backseat. Himes told the police officer that the shotgun belonged to his brother. The officer seized the shotgun. On the following day, Himes instructed Crumley to go the police station and claim the shotgun.

The Government also presented evidence that Himes possessed and transferred other firearms and was involved in prior vehicle break-ins. Jason Worley testified that in July or August 1995, he and Himes broke into a truck at an apartment complex and stole stereo equipment. Worley also testified that prior to the October 1995 incident, Himes offered to sell him a .22 caliber pistol. Larry Crumley testified that Himes sold him a handgun in 1995. He also testified that he saw

2

Himes with two different .22 caliber pistols before the October 1995 incident and that Himes had stolen a gun from a police officer's car. Several other witnesses testified that they saw Himes with other guns and Himes had offered to sell those guns. Himes objected to the evidence and the court instructed the jury that the evidence was being permitted to show a pattern of conduct. Himes did not object to the instruction.

On appeal, Himes asserts that the district court erred by admitting Fed. R. Evid. 404(b) evidence at trial. We review the district court's decision to admit Fed. R. Evid. 404(b) evidence for abuse of discretion, and we will not reverse that decision unless it was "`arbitrary and irrational.'" See United States v. Chin , 83 F.3d 83, 87 (4th Cir. 1996) (quoting United States v. Powers, 59 F.3d 1460, 1464-65 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-6391)). Rule 404(b) permits evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence which has no purpose except to show criminal disposition is excluded. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). Thus, the court may admit any evidence which is relevant to any issue other than character, is necessary, and is reliable. Id. (quoting United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991)). Such evidence may be excluded, however, if it is more prejudicial than probative. Sanchez, 118 F.3d at 196.

The record shows that the evidence of Himes's prior acts was not used solely to show bad character, but rather, to show motive. Himes had a financial interest in acquiring firearms. Further, the evidence showed that Himes's possession of the firearms was not the result of a mistake or accident. See Sanchez, 118 F.3d at 195-96. The evidence of previous car break-ins showed a pattern of action and modus operandi. See id. Himes fails to show that the probative value of the evidence of other gun possessions and car break-ins was outweighed by the prejudicial effect of the testimony. See Fed. R. Evid. 403; Sanchez, 118 F.3d at 196. Further, any possible prejudice was minimized by the court's instruction that the evidence could be considered only to show a pattern of conduct, and that the jury was to concern itself with "the actual guns and the actual stolen property that's

3

involved in these indictments." (J.A. 262). <u>See United States v. Teague</u>, 737 F.2d 378, 381 (4th Cir. 1984).

Himes also asserts that the evidence was insufficient to sustain count five of the indictment, charging Himes with the possession, receipt, and disposal of a stolen firearm, because the evidence did not show that he disposed of the weapon. To sustain a conviction, the evidence viewed in the light most favorable to the Government must be sufficient for a rational jury to find the essential elements of the crime beyond a reasonable doubt. <u>See Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Brewer</u>, 1 F.3d 1430, 1437 (4th Cir. 1993). When a jury returns a verdict on an indictment that charges several acts in the conjunctive, the verdict stands if the evidence is sufficient with respect to any act. <u>See Griffin v. United States</u>, 502 U.S. 46, 56-57 (1991) (quoting <u>Turner v. United States</u>, 396 U.S. 398, 420 (1970). Under 18 U.S.C. § 922(j), it is unlawful "for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm" in interstate commerce knowing that the firearm has been stolen. The firearm in question was the shotgun stolen in November 1995 from the truck in the UPS parking lot. The evidence showed that Himes possessed and received the shotgun when he took it from the truck he had broken into. Thus, even if Himes did not dispose of the weapon, his conviction must stand because the evidence is sufficient to show that Himes received and possessed the weapon.

Accordingly, we affirm Himes's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4